**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4014

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEVI BRYANT SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:23-cr-00155-CCE-1)

Submitted:  January 27, 2025                          Decided:  March 19, 2025

Before QUATTLEBAUM, RUSHING, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen III, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Levi Bryant Smith appeals his conviction following his entry of a conditional guilty plea to possessing ammunition while under a domestic violence protection order, in violation of 18 U.S.C. §§ 922(g)(8), 924(a)(2).  On appeal, Smith argues the district court erred in denying his motion to suppress the ammunition.  We affirm.

"When, as here, a district court denies a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government."  *United States v. Turner*, 122 F.4th 511, 516 (4th Cir. 2024) (internal quotation marks omitted).  "We defer to the district court's credibility findings, as it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress."  *United States v. Griffin*, 589 F.3d 148, 150 n.1 (4th Cir. 2009) (internal quotation marks omitted).

The Fourth Amendment does not prohibit all searches and seizures, merely those that are unreasonable.  *Florida v. Jimeno*, 500 U.S. 248, 250 (1991).  A warrantless search "is per se unreasonable subject only to a few specifically established and well-delineated exceptions."  *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) (cleaned up).  As relevant here, under the plain view doctrine, incriminating evidence may be seized when "(1) the officer was lawfully in a place from which the object could be viewed; (2) the officer had a lawful right of access to the seized items; and (3) the incriminating character of the items was immediately apparent."  *United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012) (internal quotation marks omitted).

2

Smith argues Detective Kyle Youngo did not have a lawful right of access to the bag from which the ammunition was seized. Upon review of the record, we conclude that the district court did not clearly err in finding that a reasonable officer could believe Brandon Sullivan—who led Youngo to Smith's bag and ultimately handed it over—had at least apparent authority to consent to the search and seizure of the bag. *See United States v. Briscoe*, 101 F.4th 282, 295 (4th Cir. 2024) (stating consent is a question of fact that is reviewed for clear error), *cert. denied*, No. 24-284, 2024 WL 4486404 (U.S. Oct. 15, 2024). Because "the incriminating character of the [bag's contents] was immediately apparent" when Sullivan handed the open bag to Youngo, *Davis*, 690 F.3d at 233, the district court did not err in finding the seizure and subsequent search of the bag did not violate Smith's Fourth Amendment rights.

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*